The plaintiff instituted her action to recover the statutory penalty for usury. The material averments of her complaint are these: C. B. Dunnagan and wife, the original borrowers and mortgagors, conveyed the land to R. M. Dunnagan and wife, who thereafter conveyed to the plaintiff, for the purpose of securing grantees' assistance in making the required installment payments on the loan, with agreement to reconvey. It is alleged the original loan was affected with usury, and that usurious interest was paid by C. B. Dunnagan and wife, and by the plaintiff, and that it was understood and agreed that plaintiff should have the benefit of any defense or claim on account of usury. Plaintiff paid the balance required by defendant for satisfaction of the loan.
Defendant answered denying the charge of usury, and pleaded the statute of limitations. No affirmative relief was prayed.
Subsequently, upon motion of C. B. Dunnagan and wife, they were made parties plaintiff and adopted the complaint. Thereupon, the defendant demurred on the ground of misjoinder of parties and causes of action. *Page 746 
When the cause came on for hearing, the trial judge permitted C. B. Dunnagan and wife to take voluntary nonsuit, and, after entering judgment dismissing the case as to them, declined to sustain the demurrer and defendant appealed.
The court below, having dismissed the action as to all parties, except the original plaintiff, Pearl K. Adams, the demurrer on the ground of misjoinder of parties and causes of action could not be sustained.
The court's ruling is
Affirmed.